**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Lorenzo M. Parada, individually and on behalf of all employees similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　　　- against -<br><br>Celtic Services NYC Inc., John Doe a/k/a Camaron, and Carlos Mendoza,<br><br>　　　　　　　　　　Defendants. | Case No.<br><br>**COLLECTIVE & CLASS**<br>**ACTION COMPLAINT** |

Plaintiff Lorenzo M. Parada, on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants Celtic Services NYC Inc., John Doe a/k/a Camaron, and Carlos Mendoza (collectively "Defendants"), allege and show the Court the following:

**INTRODUCTION**

1.　　This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.　　Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4.      Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid overtime compensation (2) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (3) liquidated damages equal to the sum of unpaid "spread of hours" premium, and unpaid overtime pursuant to the NY Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.      Plaintiff Lorenzo M. Parada is a resident of Bronx County and was employed as a demolition worker by Celtic Services NYC Inc. located at 156 Mt. Vernon Avenue, Ste. 210, Mt. Vernon, NY 10550.

## **DEFENDANTS**

8.      Upon information and belief, Defendant Celtic Services NYC Inc. owns and operates a demolition company in Westchester County located at 156 Mt. Vernon Avenue, Ste. 210, Mt. Vernon, NY 10550.

9.      Upon information and belief, Defendant Celtic Services NYC Inc. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.  Defendant Celtic Services NYC Inc. performs demolition services for residential and commercial structures with contracts worth several million dollars per project.

10.     Upon information and belief, Celtic Services NYC Inc. purchased and handled goods such as heavy machinery and equipment that moved in interstate commerce and performed demolition services for customers outside of New York State.

11.     Upon information and belief, Defendant John Doe a/k/a Camaron is the owner, officer, director and/or managing agent of Celtic Services NYC Inc. at 156 Mt. Vernon Avenue, Ste. 210, Mt. Vernon, NY 10550 and participated in the day-to-day operations of Celtic Services NYC Inc. and  acted  intentionally  and  maliciously  and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL  §2 and  the  regulations  thereunder,  and  is  jointly  and  severally  liable with Celtic Services NYC Inc.

12.     Upon information and belief, Defendant John Doe a/k/a Camaron owns the stock of Celtic Services NYC Inc. and manages and makes all business decisions including but not limited to the amount in salary the employees will receive, and the number of hours employees will work.

13.     Upon information and belief, Defendant Carlos Mendoza is the owner, officer, director and/or managing agent of Celtic Services NYC Inc. at 156 Mt. Vernon Avenue, Ste. 210, Mt. Vernon, NY 10550 and participated in the day-to-day operations of Celtic Services NYC Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Celtic Services NYC Inc.

14.     Upon information and belief, Defendant Carlos Mendoza owns the stock of Celtic Services NYC Inc. and manages and makes all business decisions including but not limited to the amount in salary the employees will receive, and the number of hours employees will work.

15.     At all times relevant herein, Celtic Services NYC Inc. was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

16.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Celtic Services NYC Inc.

17.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation and failed to provide him a wage notice at the time of hiring and wage statements in violation of the NYLL.

18.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

19.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

20.     Defendants knew that the nonpayment of overtime pay and failure to provide the required wage statements with each payment and failure to provide a wage notice at the time of

hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

21.    From on or about February of 2016 to October 30, 2018, Plaintiff was hired by Defendants to work as a laborer for Defendants' demolition company with its principal place of business at 156 Mt. Vernon Avenue, Ste. 210, Mt. Vernon, NY 10550.

22.    During his employment, Plaintiff regularly worked on average ten (10) hours per day for six (6) days per week. Specifically, Plaintiff worked Monday through Saturday with Sunday off. His daily schedule ran from around 7:00 am to around 5:30 pm each day from Monday through Saturday with a thirty (30) minute lunch break. Once per week, Plaintiff also worked from 6:00 pm to 1:00 am. As such, Plaintiff worked approximately sixty-seven (67) hours per week.

23.    Defendants did not implement any means (time punch card, written time sheets, computer time logs etc.) to track the number of hours Plaintiff actually worked, instead, Defendants calculated Plaintiff's compensation generally based on Plaintiff's work schedule.

24.    Plaintiff worked the above work schedule throughout the duration of his employment with Defendants and received his compensation on an hourly basis, at a rate of $22.00 per hour.

25.    Throughout Plaintiff's tenure with Defendants, Defendants paid Plaintiff the first 40 hours by check and any overtime hours were paid in cash at $22.00 per hour.  On occasion, Defendants paid Plaintiff by check, but all hours worked were paid at the same $22.00-hour rate. Plaintiff should have been receiving $33.00 per hour for any hours worked beyond 40 hours.

26.     Plaintiff worked with approximately thirty (30) to fifty (50) other laborers and observed that they also received their pay in check and any overtime pay in cash.  Defendants' payment procedures were well known and discussed amongst the laborers.

27.     Plaintiff's wage statements did not comply with NYLL because it did not provide the regularly hourly rate, overtime rate, number of regular hours worked, and number of overtime hours worked.

28.     Defendants did not compensate Plaintiff for overtime compensation according to state and federal laws.

29.     Plaintiff was not provided a written wage notice, in English and in Spanish (the primary language identified by Plaintiff) when he was hired, including but not limited to information about his rate of pay and basis thereof, allowances, including tip and meals credits, if any, claimed by Defendants, and the regular pay day designated by Defendants.

30.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

31.     Defendants knew that the nonpayment of overtime would economically injure Plaintiff and the Class Members by their violation of federal and state laws.

32.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

33.     Defendants did not provide Plaintiff and other Class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff's and other Class members' pay increase(s).

34.     Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

## COLLECTIVE ACTION ALLEGATIONS

35.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

36.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants by their demolition company for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

37.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to

attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

38.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and has retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

39.     This action should be certified as collective action because the prosecution of separate actions by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

40.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

41.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to provide the Collective Action Members with a wage statement at time of pay and a wage notice at the time of hiring as required by the NYLL;

d. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

42.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

43.    Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

44.    Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants for their demolition company doing business as Celtic Services NYC Inc. on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

45.    All said persons, including Plaintiff, is referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For

purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P 23.

46.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than thirty (30) members of the class.

47.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

48.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

49.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate

defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

50.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree

of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

51.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b. Whether Plaintiff and Class members are entitled to overtime under the New York Labor Law;

c. Whether the Defendants provided wage statements with each pay and wage notices at the time of hiring to Plaintiff and class members as required by the NYLL;

d. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work.

## COUNT I
**[Violations of the Fair Labor Standards Act—Overtime Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

52.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

53.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which she or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

54.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

55.    Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

56.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours  per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

57.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

58.    Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

59.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

**COUNT II**
**[Violation of New York Labor Law—Overtime Pay**
**Brought on behalf of Plaintiffs and the Rule 23 Class]**

60.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

62.     Defendants' failure to pay Plaintiff and the Rule 23 Class their overtime pay violated the NYLL.

63.     Defendants' failure to pay Plaintiff and the Rule 23 Class was not in good faith.

**COUNT III**
**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement]**

64.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

65.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

66.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay,

regular pay cycle and rate of overtime on her or her first day of employment.

67.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiff even after the fact.

68.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT V
### [Violation of New York Labor Law—New York Pay Stub Requirement]

69.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

70.    The NYLL and supporting regulations require employers to provide detailed  paystub information to employees every payday. NYLL §195-3.

71.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff and did not furnish Plaintiff with a wage statement with every payment of wages, listing the required information.

72.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## **Prayer for Relief**

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA collective Plaintiffs and Rule 23 Class, respectfully request that this court enter a judgment providing the following relief:

a)  Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c)  Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d)  Certification of this case as a collective action pursuant to FLSA;

e)  Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

f)  A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)  An injunction against Celtic Services NYC Inc. its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h)  An award of unpaid overtime wages due under FLSA and New York Labor Law;

i) An award of damages for Defendants' failure to provide a wage statement with each payment and failure to provide a wage notice at the time of hiring as required under the New York Labor Law.

j) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

k) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l) The cost and disbursements of this action;

m) An award of prejudgment and post-judgment fees;

n) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

o) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: December 13, 2018                    HANG & ASSOCIATES, PLLC
       Flushing, New York,

                                            */s/ Lorena P. Duarte*
                                            Lorena P. Duarte, Esq.
                                            136-20 38th Avenue, Suite 10G
                                            Flushing, New York, 11354
                                            Tel: (718)353-8588
                                            lduarte@hanglaw.com
                                            *Attorneys for Plaintiff*

# EXHIBIT I

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Celtic Services NYC Inc  and/or related entities.

I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*SPANISH TRANSLATION:*

**CONSENTIMIENTO PARA DEMANDAR BAJO**
**LEY DE NORMAS LABORALES FEDERALES**

Soy un empleado actualmente o fui empleado anteriormente por  Celtic Services NYC Inc  y/o entidades relacionadas.

Doy mi consentimiento para ser demandante en una acción para cobrar los salarios no pagados. Estoy de acuerdo en que estoy obligado por los términos del Retención Contingente de Tarifas firmados por el demandado nombrado en este caso.

Lorenzo M. Parada
Full Legal Name (Print)

Signature

10/30/18
Date

19